# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC INC., SCREEN GEMS-EMI MUSIC INC., JOBETE MUSIC CO. INC., SONY/ATV TUNES, LLC, SONY/ATV SONGS LLC, SONY/ATV TREE PUBLISHING, SONY/ATV CROSS KEYS PUBLISHING, SONY/ATV MELODY, SONY/ATV ACUFF ROSE MUSIC, UNIVERSAL MUSIC PUBLISHING GROUP, INC., UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., UNIVERSAL MUSIC-Z TUNES LLC, UNIVERSAL MUSIC-Z SONGS, UNIVERSAL SONGS OF POLYGRAM INTERNATIONAL, INC., SONGS OF UNIVERSAL, INC., UNIVERSAL MUSIC MGB SONGS, ALAMO MUSIC CORP., WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., DEVON MUSIC, INC., HAMPSHIRE HOUSE PUBLISHING CORP., ESSEX MUSIC, INC., ESSEX MUSIC INTERNATIONAL, INC., EVIL EYE MUSIC, INC., FRANK MUSIC CORPORATION, PEER INTERNATIONAL CORPORATION, SONGS OF PEER, LTD., PEERMUSIC III, LTD., BUG MUSIC, INC., and HITCO MUSIC PUBLISHING, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LIME WIRE LLC, LIME GROUP LLC, MARK GORTON, GREG BILDSON, and M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP,<br><br>Defendants. | Civil Action No.:  10 Civ. 4695<br><br>**DEFENDANTS LIME WIRE LLC LIME GROUP LLC, AND MARK GORTON'S ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendants Lime Wire LLC ("Lime Wire"), Lime Group LLC ("Lime Group"), and Mark Gorton ("Gorton") (collectively, "Defendants") respond to Plaintiffs' Complaint as follows:

## NATURE OF THE ACTION

1.      Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence in paragraph 1 of the Complaint and on that basis deny the allegations.  Defendants deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants admit that on May 25, 2010, the Court issued a decision in *Arista Records LLC v. Lime Group LLC* (the "Arista Action"), wherein it found Lime Wire liable for inducing infringement of thirty sound recording copyrights owned by plaintiffs in the Arista Action. *See* No. 06 Civ. 5936 (KMW), __ F. Supp. 2d __, 2010 WL 2291485 (S.D.N.Y. May 25, 2010) (the "Arista Order").[1]  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 2 of the Complaint.

3.      Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4.      Defendants admit that Lime Wire contemplated a number of strategies to promote LimeWire, including to former Napster users.  Defendants admit that Lime Wire conducted a marketing campaign through Google AdWords whereby Google users who entered certain queries would see advertisements for Lime Wire.  Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5.      Defendants admit that the LimeWire software contains search functions to facilitate the identification of all types of files.  Defendants admit that the Court in the Arista

---

[1] By admitting that the Court in the Arista Action issued the Arista Order or found certain matters in the Arista Order, Defendants do not admit that those findings or conclusions are proper, and reserve all rights to appeal.

Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.      Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 6 of the Complaint.

7.      Defendant Lime Wire admits that it has received limited revenue from third parties for advertising through LimeWire.  Defendant Lime Wire admits that it previously estimated that LimeWire was downloaded over three million times within the first year after the software was released.  Defendants admit that Lime Wire sells an upgraded version of the LimeWire software called LimeWire PRO.  Defendants admit that Lime Wire operates an online, fully-licensed LimeWire Store which sells thousands of songs.  Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8.      Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 8 concerning the revenues earned by Plaintiffs and on that basis deny those allegations.  Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10.     Admitted.

11.     Admitted.

12.     Defendants admit that the Court has personal jurisdiction over them.  Defendants deny the remaining allegations in paragraph 12.

13.     Admitted.

## THE PLAINTIFFS AND THEIR BUSINESS

14.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 14 of the Complaint and on that basis deny the allegations.

15.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 15 of the Complaint and on that basis deny the allegations.

16.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 16 of the Complaint and on that basis deny the allegations.

17.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 17 of the Complaint and on that basis deny the allegations.

18.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 18 of the Complaint and on that basis deny the allegations.

19.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 19 of the Complaint and on that basis deny the allegations.

20.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 20 of the Complaint and on that basis deny the allegations.

21.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 21 of the Complaint and on that basis deny the allegations.

22.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 22 of the Complaint and on that basis deny the allegations.

23.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 23 of the Complaint and on that basis deny the allegations.

24.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 24 of the Complaint and on that basis deny the allegations.

25.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 25 of the Complaint and on that basis deny the allegations.

## THE DEFENDANTS

26.     Defendant Lime Wire admits the allegations in paragraph 26 of the Complaint. Defendants Lime Group and Gorton deny the allegations in paragraph 26 of the Complaint.

27.     Admitted.

28.     Defendants admit that Lime Wire is a Delaware limited liability corporation with its principal place of business in New York, New York.  Defendants deny the remaining allegations in paragraph 28 of the Complaint.

29.     Defendants deny that the M.J.G. Lime Wire Family Limited Partnership was formed to further Defendants' purported unlawful actions and to protect the monetary gains derived from those actions.  Defendants admit the remaining allegations in paragraph 29 of the Complaint.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.

31.     Defendants admit that Gorton is the sole Director of Lime Wire.  Defendants admit that Gorton is the Chief Executive Officer of Lime Group.  Defendants admit that Gorton is a general partner of the M.J.G. Lime Wire Family Limited Partnership.  Defendants deny the remaining allegations in paragraph 31 of the Complaint.

32.     Defendants admit that Greg Bildson ("Bildson") previously served as Chief Technology Officer from the Fall of 2000 until his resignation in September 2008 and Chief Operating Officer from May 2001 to May 2008 of Lime Wire.  Defendants deny the remaining allegations in paragraph 32 of the Complaint.

33.     Defendants admit that consistent with the roles he has held at Lime Wire and in his corporate capacity, Gorton has participated in decisions regarding Lime Wire and has a

general oversight role with respect to the company.  Defendants deny the remaining allegations in paragraph 33 of the Complaint.

34.     Defendants admit that Bildson participated in decisions regarding Lime Wire's technology and operations, supervised some Lime Wire employees, made some decisions, and oversaw some conduct.  Defendants deny the remaining allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants admit that consistent with the roles he has held at Lime Wire and in his corporate capacity, Gorton has participated in decisions regarding Lime Wire and has a general oversight role with respect to the company.  Defendants admit that the Court issued the Arista Order in the Arista Action.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38.     Defendants admit that Gorton is the sole Director of Lime Wire.  Defendants admit that Gorton is the Chief Executive Officer of Lime Group.  Defendants admit that the Court issued the Arista Order in the Arista Action.  The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 38 of the Complaint.

## FACTS

39.     Defendants admit that Lime Wire was founded on or about June 2000 and that the LimeWire software was released sometime between August 2000 and January 2001.  Defendants lack sufficient knowledge or understanding regarding Plaintiffs' reference to "network system" and on that basis deny the remaining allegations in paragraph 39 of the Complaint.

40.     Defendants lack sufficient knowledge to admit or deny the allegations in sentence three of paragraph 40 of the Complaint and on that basis deny the allegations.  Defendants deny

the allegations in the last sentence of paragraph 40 of the Complaint. Defendants admit the remaining allegations in paragraph 40 of the Complaint as concerns the LimeWire software.

41.    Defendants admit that Lime Wire has designed, updated, marketed, promoted, and distributed two versions of the LimeWire software. Defendants admit the allegations in the second sentence of paragraph 41 of the Complaint. Defendants admit that LimeWire PRO is currently offered by Lime Wire for $34.95. Defendants admit the allegations in the fourth and fifth sentences in paragraph 41 of the Complaint. Defendants deny the remaining allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in the first sentence of paragraph 42 of the Complaint. Defendants admit the allegations in the second sentence of paragraph 42 of the Complaint. Defendants lack sufficient knowledge to admit or deny whether any particular user's files have been made available by him or her to "millions of other Lime Wire users" and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 42 of the Complaint.

43.    Defendants admit that LimeWire users could be blocked from downloading files from a LimeWire user if that user so desired. Defendants admit that Lime Wire has previously stated, "If you're not sharing enough files, users with certain connection preferences won't let you connect to them for downloading. For this reason, we recommend all Lime Wire users share generously with one another." Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 43 of the Complaint.

44.    Defendants admit that the LimeWire software contains search functions to facilitate the identification of all types of files. Defendants lack sufficient knowledge to admit or

deny the allegations regarding the copyrighted compositions owned by Plaintiffs and on that basis deny the allegations in the third sentence of paragraph 44 of the Complaint. Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 44 of the Complaint.

45.    Defendants admit that the LimeWire software application contains a third-party Java-based, built-in audio player component which can be used to play audio files. Defendants deny the remaining allegations in paragraph 45 of the Complaint.

46.    Defendants admit that Lime Wire has stated that "[t]he purchase of LimeWire PRO gives users better search results, turbo-charged download speeds, connections to more sources, [and] a guarantee of no ads or nagware…." Defendants deny the remaining allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 48 of the Complaint.

49.    Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 49 of the Complaint.

50.    Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 50 of the Complaint.

51.     Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 51 of the Complaint.

52.     Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 52 of the Complaint.

53.     Defendants admit that Lime Wire conducted a marketing campaign through Google AdWords whereby Google users who entered certain queries would see advertisements for Lime Wire.  Defendants lack sufficient knowledge or understanding regarding the attributes, features, and functionalities of other file-sharing programs and on that basis deny those allegations regarding other file-sharing programs.  Defendants admit that the Court in the Arista Action issued the Arista Order.  The Arista Order speaks for itself.  Defendants deny the remaining allegations in paragraph 53 of the Complaint.

54.     Defendants admit that Lime Wire provides the LimeWire software to users, distributes updates and upgrades, and has license terms governing the use of the software. Defendants admit that Lime Wire maintains email addresses of LimeWire PRO users, provides technical support to such users, and gives such users free access to updated versions of LimeWire PRO within the first six months of purchase of LimeWire PRO.  Defendants deny the remaining allegations in paragraph 54 of the Complaint.

55.     Defendant Lime Wire admits that it has earned profits from the sales of its software.  Defendants deny the remaining allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants admit that Lime Wire previously implemented a hash-based filter. Defendant Lime Wire admits that it chose at that time, among other design options, to make the filter "opt-in" rather than "opt-out." Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 57 of the Complaint.

58.     Defendants admit that Lime Wire has considered several plans to block the availability of infringing content through LimeWire, including hybrid filter, acoustic fingerprinting, and user educational campaigns. Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 58 of the Complaint.

59.     Defendants admit that Lime Wire has considered several plans to block the availability of infringing content through Lime Wire. Defendants admit that Lime Wire uses filtering to block certain content. Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 59 of the Complaint.

60.     Defendants admit that Lime Wire employs filtering to prevent LimeWire users from sharing certain digital recordings purchased from the LimeWire Store, but deny that the same filtering mechanism could be used to block files originating from users. Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 60 of the Complaint.

61.     Defendants admit that Lime Wire informs users that LimeWire can be used only to share authorized files, explains that downloading the software does not constitute a license for obtaining or distributing unauthorized content, and requires users to acknowledge that they will

not use LimeWire for copyright infringement before allowing users to download the LimeWire software. Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations in paragraph 62 of the Complaint.

63.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 63 of the Complaint concerning how many copies of the LimeWire software have been downloaded, number of downloads using the software, and the percentage of downloads which constitute works for which Plaintiffs claim to own copyrights, and on that basis deny those allegations. Lime Wire admits that its website states that there can be millions of active users of its software at any given moment. Defendants lack sufficient knowledge to admit or deny whether Plaintiffs' works are available through LimeWire and on that basis deny those allegations. Defendants deny the remaining allegations in paragraph 63.

64.     Defendant Lime Wire admits that it has received limited revenue from third parties for advertising through LimeWire. Defendants deny the remaining allegations in paragraph 64 of the Complaint.

65.     Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 65 of the Complaint.

66.     Defendants admit that the Court in the Arista Action issued the Arista Order. The Arista Order speaks for itself. Defendants deny the remaining allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants admit that Gorton is the general partner of the M.J.G. Lime Wire Family Limited Partnership.  Defendants deny the remaining allegations in paragraph 69 of the Complaint.

## FIRST CAUSE OF ACTION

### Inducement of Copyright Infringement Against Lime Wire LLC, Lime Group LLC, Mark Gorton and Greg Bildson

70.     Defendants incorporate paragraphs 1-69 by reference as if fully set forth herein.

71.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 71 of the Complaint and on that basis deny the allegations.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants deny the allegations in paragraph 79 of the Complaint.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 81 of the Complaint and on that basis deny the allegations.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants deny the allegations in paragraph 84 of the Complaint.

## SECOND CAUSE OF ACTION

### Contributory Copyright Infringement Against Lime Wire LLC, Lime Group LLC, Mark Gorton and Greg Bildson

85.     Defendants incorporate paragraphs 1-84 by reference as if fully set forth herein.

86.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 86 of the Complaint and on that basis deny the allegations.

87.     Defendants deny the allegations in paragraph 87 of the Complaint.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants deny the allegations in paragraph 92 of the Complaint.

93.     Defendants deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 96 of the Complaint and on that basis deny the allegations.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

## THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement Against Lime Wire LLC, Lime Group LLC, Mark Gorton and Greg Bildson

100.    Defendants incorporate paragraphs 1-99 by reference as if fully set forth herein.

101.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 101 of the Complaint and on that basis deny the allegations.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Defendants deny the allegations in paragraph 104 of the Complaint.

105.    Defendants deny the allegations in paragraph 105 of the Complaint.

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Defendants deny the allegations in paragraph 108 of the Complaint.

109.    Defendants deny the allegations in paragraph 109 of the Complaint.

110.    Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 110 of the Complaint and on that basis deny the allegations.

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Defendants deny the allegations in paragraph 112 of the Complaint.

113.    Defendants deny the allegations in paragraph 113 of the Complaint.

### FOURTH CAUSE OF ACTION

### Conveyance Made With Intent to
### Defraud Against Mark Gorton

114.    Gorton incorporates paragraphs 1-113 by reference as if fully set forth herein. Because the Fourth Cause of Action is not directed to Lime Wire or Lime Group, no answer is required from them.

115.    Gorton denies the allegations in paragraph 115 of the Complaint.  Because the Fourth Cause of Action is not directed to Lime Wire or Lime Group, no answer is required from them.

116.    Gorton denies the allegations in paragraph 116 of the Complaint.  Because the Fourth Cause of Action is not directed to Lime Wire or Lime Group, no answer is required from them.

117.    Gorton denies the allegations in paragraph 117 of the Complaint.  Because the Fourth Cause of Action is not directed to Lime Wire or Lime Group, no answer is required from them.

## FIFTH CAUSE OF ACTION

### Unjust Enrichment Against M.J.G. Lime Wire Family Limited Partnership

118.    Because the Fifth Cause of Action is not directed to Defendants, no answer is required from them.

119.    Because the Fifth Cause of Action is not directed to Defendants, no answer is required from them.

120.    Because the Fifth Cause of Action is not directed to Defendants, no answer is required from them.

## PRAYER FOR RELIEF

Defendants deny the "prayer" paragraph contained in pages 30-31 of the Complaint.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

The Complaint fails to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiffs have failed to join indispensable parties.

**Third Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of copyright misuse.

**Fourth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**Fifth Affirmative Defense**

Plaintiffs' claims are barred by laches.

**Sixth Affirmative Defense**

Plaintiffs lack standing to sue on the copyrights-in-suit.

**Seventh Affirmative Defense**

Plaintiffs do not own or control the rights giving rise to the claims purportedly raised in the Complaint.

**Eighth Affirmative Defense**

Plaintiffs' claims are barred and/or limited by the applicable Statutes of Limitations.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred by the Audio Home Recording Act.

**Tenth Affirmative Defense**

Any injury that Plaintiffs may have allegedly suffered is a result of independent acts taken by third parties for which Defendants are not responsible.

**Eleventh Affirmative Defense**

Plaintiffs' claims are barred because they cannot establish that the accused products or services are incapable of substantial non-infringing uses.

**Twelfth Affirmative Defense**

Plaintiffs' claims are barred by license, consent, acquiescence, waiver, and estoppel.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the Digital Millennium Copyright Act.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred by the doctrine of fair use.

**Fifteenth Affirmative Defense**

Plaintiffs' claims for statutory damages are barred by the U.S. Constitution.

**Sixteenth Affirmative Defense**

Plaintiffs' claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the Complaint.

**Seventeenth Affirmative Defense**

Plaintiffs' claims are barred to the extent they have caused fraud upon the Copyright Office.

**Eighteenth Affirmative Defense**

Plaintiffs' claims are barred by the first sale doctrine.

**Nineteenth Affirmative Defense**

Plaintiffs' claims are barred by their failure to mitigate damages.

**Twentieth Affirmative Defense**

Plaintiffs' claims are barred to the extent they have forfeited or abandoned any of the copyrights-in-suit.

**Twenty-First Affirmative Defense**

Plaintiffs' claims are barred because of deceptive and misleading advertising in connection with the distribution of their copyrighted works.

**Twenty-Second Affirmative Defense**

Plaintiffs' claims are barred to the extent any persons, based on whose behavior Plaintiffs seek to hold Defendants liable, are innocent infringers.

**Twenty-Third Affirmative Defense**

Plaintiffs' claims are barred in whole or in part to the extent they seek to claim copyright or other intellectual property rights as to works that are in the public domain and therefore not protected.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray that Plaintiffs take nothing as a result of their Complaint, that Plaintiffs' claims be dismissed with prejudice, and that Defendants be awarded their costs and reasonable attorneys' fees.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial of this action by jury.

//

Date:  August 10, 2010                          Respectfully submitted,


                                     /s/ Tonia Ouellette Klausner
                                    Michael S. Sommer
                                    Tonia Ouellette Klausner
                                    WILSON SONSINI GOODRICH & ROSATI, P.C.
                                    1301 Avenue of the Americas, 40th Floor
                                    New York, New York 10019
                                    Tel:  (212) 999-5800
                                    Fax:  (212) 999-5899
                                    msommer@wsgr.com; tklausner@wsgr.com

                                    Colleen Bal (*pro hac vice* pending)
                                    WILSON SONSINI GOODRICH & ROSATI, P.C.
                                    One Market Plaza
                                    Spear Tower, Suite 3300
                                    San Francisco, California 94105
                                    Tel:  (415) 947-2000
                                    Fax:  (415) 947-2099
                                    cbal@wsgr.com

                                    *Attorneys for Defendants Lime Wire LLC, Lime
                                    Group LLC, and Mark Gorton*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2010, a copy of the foregoing **DEFENDANTS LIME WIRE LLC LIME GROUP LLC, AND MARK GORTON'S ANSWER TO PLAINTIFFS' COMPLAINT** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of this Court's electronic filing system or by mail to anyone unable to accept this electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Tonia Ouellette Klausner

Tonia Ouellette Klausner
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899
Email:  tklausner@wsgr.com