UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMI APRIL MUSIC INC., EMI BLACKWOOD MUSIC INC., SCREEN GEMS-EMI MUSIC INC., JOBETE MUSIC CO. INC., SONY/ATV TUNES, LLC, SONY/ATV SONGS LLC, SONY/ATV TREE PUBLISHING, SONY/ATV CROSS KEYS PUBLISHING, SONY/ATV MELODY, SONY/ATV ACUFF ROSE MUSIC, UNIVERSAL MUSIC PUBLISHING GROUP, INC., UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., UNIVERSAL MUSIC-Z TUNES LLC, UNIVERSAL MUSIC-Z SONGS, UNIVERSAL SONGS OF POLYGRAM INTERNATIONAL, INC., SONGS OF UNIVERSAL, INC., UNIVERSAL MUSIC MGB SONGS, ALAMO MUSIC CORP., WB MUSIC CORP., WARNER-TAMERLANE PUBLISHING CORP., DEVON MUSIC, INC., HAMPSHIRE HOUSE PUBLISHING CORP., ESSEX MUSIC, INC., ESSEX MUSIC INTERNATIONAL, INC., EVIL EYE MUSIC, INC., FRANK MUSIC CORPORATION, PEER INTERNATIONAL CORPORATION, SONGS OF PEER, LTD., PEERMUSIC III, LTD., BUG MUSIC, INC. and HITCO MUSIC PUBLISHING, LLC,<br><br>Plaintiffs,<br>v.<br><br>LIME WIRE LLC, LIME GROUP LLC, MARK GORTON, GREG BILDSON, M.J.G. LIME WIRE FAMILY LIMITED PARTNERSHIP, M.J.G. LIME SPOT FAMILY LIMITED PARTNERSHIP, MJ GORTON FAMILY LIMITED PARTNERSHIP, M.J.G. TOWER RESEARCH FAMILY LIMITED PARTNERSHIP, MJG 377 TOWER REALTY FAMILY LIMITED PARTNERSHIP and M.J.G. LIME BROKERAGE FAMILY LIMITED PARTNERSHIP,<br><br>Defendants. | Civil Action No.:<br>10 CIV 4695<br>(KMW) |

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Donald S. Zakarin
Lisa M. Buckley
Frank P. Scibilia
Benjamin K. Semel
PRYOR CASHMAN LLP
7 Times Square
New York, New York  10036
(212) 421-4100

*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

STATEMENT OF FACTS .......................................................................................................4

ARGUMENT.............................................................................................................................5

I.    THE LIME WIRE DEFENDANTS' FAILURE TO SEEK DISCOVERY ON OWNERSHIP OF THE SEVENTEEN REPRESENTATIVE WORKS SHOULD NOT PRECLUDE PARTIAL SUMMARY JUDGMENT ...............................................5

    A.    The Lime Wire Defendants Failed To Seek Discovery On Ownership And Have No Good Faith Basis For Believing That The Copyright Documents Provided By Plaintiffs Are Inaccurate..................................................4

    B.    Legal Standards for Partial Summary Judgment and Collateral Estoppel Demonstrate That The Issue Of Ownership Does Not Preclude Partial Summary Judgment As To All Other Issues.........................................................6

II.    COLLATERAL ESTOPPEL IS PROPER IN THIS CASE AND BARS RELITIGATION OF THE QUESTION OF LIABILITY FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT ...........................................8

CONCLUSION........................................................................................................................10

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                    **PAGE(s)**

New York State Teamsters Conference Pension and Ret. Fund v.
    Express Servs., Inc., 426 F.3d 640 (2d Cir. 2005) ............................................................... 5

Parklane Hosiery Co. v. Shore,
    439 U.S. 322 (1979) .................................................................................................................. 9

Robertson v. Amtrak/National Railroad Passenger Corp.,
    400 F. Supp. 2d 612, 621 (S.D.N.Y. 2005) ............................................................................. 5

Satterfield v. Pfizer, Inc.,
    No. 04-CV-3782 (KMW)(GWG), 2005 WL 1765708
    (S.D.N.Y. July 18, 2005) .......................................................................................................... 7

Stonewell Corp. v. Conestoga Title Ins. Co.,
    No. 04 CV 9867 (KMW), 2009 WL 3075661 (S.D.N.Y. Sept. 25, 2009) ..................... 7, 8

**STATUTES**

Fed. R. Civ. P. 56 ........................................................................................................................... 3, 6

Fed. R. Civ. P. 56(d) ......................................................................................................................... 5

Fed. R. Civ. P. 56(f) .......................................................................................................................... 5

Fed. R. Civ. P. 56(g) ...................................................................................................................... 6, 8

Local Rule 56.1 .............................................................................................................................. 4, 10

**TREATISE**

Wright & Miller, Federal Practice and Procedure § 2740 ............................................................ 5

Plaintiffs submit this reply memorandum of law in further support of their motion for partial summary judgment as to liability for inducement of copyright infringement under Count I of the First Amended Complaint as against Defendants Lime Wire LLC ("LW"), Lime Group LLC ("Lime Group") and Mark Gorton ("Gorton") (collectively "the Lime Wire Defendants").

## PRELIMINARY STATEMENT

The Lime Wire Defendants have conceded that their prior litigation determines *every single factual issue* upon which Plaintiffs have asked the court to rule in this motion for partial summary judgment. See LW SUF Response.[1] More specifically, the Lime Wire Defendants do not dispute that the Arista Decision addresses the fundamental issues of their liability, including their awareness of infringement, their efforts to attract infringers, their enabling and assistance of infringement, the financial dependence on infringement, their failure to mitigate, and the unauthorized copying of representative works by LimeWire users. LW SUF Response, ¶¶ 49-120. As to the remaining element of ownership of copyrights, the Lime Wire Defendants admit that Plaintiffs have submitted copyright registration documents that are *prima facie* proof of copyright ownership. See LW Opp. Mem., p. 2.

The Lime Wire Defendants nonetheless argue that the whole motion should be denied because they have not had a fishing expedition in hopes of rebutting the admitted proof of copyright ownership for the seventeen representative works. There are fatal flaws in this argument. First, the Lime Wire Defendants offer no explanation for why they never requested discovery on ownership, even though they were on notice of the issue per the September 10,

---

[1] This memorandum makes reference to: Arista Records LLC v. Lime Group LLC, et al., Civil Index No. 06 CV 5936 (KMW) ("Arista"), and the decision issued in that action on May 25, 2010 (the "Arista Decision"); Defendants' Response to Plaintiffs' Statement of Material Facts Pursuant To Local Civil Rule 56.1(b) ("LW SUF Response"), Defendants' Memorandum of Law In Opposition to the Publisher Plaintiffs' Motion for Partial Summary Judgment ("LW Opp. Mem."), and the Affidavit of Tariq Mundiya In opposition To Plaintiffs' Motion For Partial Summary Judgment ("Mundiya Opp. Dec."), all filed on December 6, 2010.

2010 pre-motion letter as well as the Court's October 7, 2010 order which discussed "discovery requests."[2] Second, Defendants offer no basis whatsoever for believing that the proffered records from the U.S. Copyright Office are inaccurate, thus warranting further discovery.[3]

However, there is a more fundamental defect in Defendants' argument. They studiously ignore that this motion is for *partial* summary judgment and does not seek a ruling on ownership. The court in Tee Vee Toons was faced with a near identical situation involving an internet piracy enterprise. In granting a similar motion for partial summary judgment, the court held that:

> Assuming the validity of plaintiffs' copyrights, see infra, defendant is collaterally estopped from disputing plaintiffs' contentions that defendant willfully infringed these copyrights.
> \* \* \*
> All issues, whether factual or legal, relating to the validity of plaintiffs' copyright certificates are deferred to the time of trial.

See Tee Vee Toons, Inc. v. MP3.com, 00 CV 3951 (JSR) (March 4, 2001 S.D.N.Y.) (emphasis added). A copy of the order is annexed to Buckley Reply Decl. at Exhibit D.

The Court granted Plaintiffs permission to make this motion knowing that no discovery had yet taken place. The whole point of the motion is to remove liability issues from the litigation, thus avoiding duplication of the vast discovery (involving over 7 million documents and 37 depositions) to prove what was overwhelmingly established in Arista: the Lime Wire Defendants are liable for inducing the copyright infringement committed over the LimeWire network. The opposition cites no decision from any court refusing partial summary judgment on

---

[2] While the Court discusses it in the context of Plaintiffs' possible discovery requests, it is plain that Defendants could likewise have submitted such a request had they truly wanted such discovery. See Buckley Moving Declaration at Ex. C.

[3] Defendants' argument is especially curious given that in the LW SUF Response ¶2, they responded to the stated fact that "Plaintiffs have… the exclusive rights to reproduce and distribute copyrighted musical works," by stating, "Undisputed, except that Defendants reserve that right to contest Plaintiffs' alleged ownership of any particular identified copyrighted works at the damages phase of any trial." (emphasis added) By this admission Defendants agree that ownership issues should not affect partial summary judgment on liability but should rather be dealt with at trial, just as in Tee Vee Tunes, *see infra*.

2

liability merely because there remains another issue for trial. Rather this is the expected path of *partial* summary judgment, which is not a disposition of the entire claim and all elements, but rather "a pretrial adjudication that certain issues shall be deemed established for the trial of the case." Fed. R. Civ. P. 56, Advisory Committee Notes to Rule 56(d), 1946 Amendment.

The Lime Wire Defendants' decision to not request discovery on ownership, in hopes of sinking the entire motion and getting a "do over" on the question of liability, should not be rewarded. Their path would lead to a farcical and wasteful rehash of issues that were just decided by the Court in Arista in an extensive 54-page decision on a motion that involved 30 volumes of exhibits. Given the undisputed identity of issues, the standards and policies behind summary judgment and collateral estoppel indicate that the Lime Wire Defendants should be precluded from such an unwarranted and undeserved relitigation.

The Lime Wire Defendants also make a last ditch argument that collateral estoppel, even if appropriate, should be denied because Plaintiffs could have joined in the Arista action and should not be "rewarded" for waiting to see the Arista Decision before expending resources on litigation. Notably, they cite *not a single case* where a court has actually rejected collateral estoppel on such grounds, relying instead on a piece of dicta in a single opinion for their argument. Moreover, the statement that joinder in the Arista action would have been easy is inaccurate. The Court, under the former presiding judge, denied the only motion made by other plaintiffs to consolidate with the Arista action. Plaintiffs here should not be expected to waste money and the Court's resources trying to join when it was clear that at that time the Court did not favor consolidation with Arista. Plaintiffs' path was the reasonable and efficient one.

Equity favors the granting of Plaintiffs' motion. The Lime Wire Defendants' hypocrisy is palpable when they argue against this motion on the grounds of "judicial economy," since their proposed alternative relitigation would be a monument to wastefulness. Moreover, the Lime

3

Wire Defendants have been found liable of operating a massive piracy network – perhaps the largest piracy network in history. They have enabled, encouraged and profited from countless *billions* of acts of infringement over nearly a decade, reaping many millions of dollars in profits. Plaintiffs do not make a profit on this litigation. At best, Plaintiffs can hope to recover their losses, and thus it is not a windfall to Plaintiffs for the Court to apply the holding of Arista in this case. Rather, it would promote a course of fairness, judicial economy and economy of the parties. The Lime Wire Defendants created their own liability by willfully inducing infringement of the rights of Plaintiffs and thousands of other copyright holders. They should not be allowed to compound that harm by wearing thin the Court and the aggrieved copyright holders with endless replays of arguments that have already been found lacking.

## STATEMENT OF FACTS

A full recitation of the facts relevant to this motion is set forth in Plaintiffs' moving Memorandum of Law and Statement of Material Facts Pursuant To Local Civil Rule 56.1.

## ARGUMENT

I. **THE LIME WIRE DEFENDANTS' FAILURE TO SEEK DISCOVERY ON OWNERSHIP OF THE SEVENTEEN REPRESENTATIVE WORKS SHOULD NOT PRECLUDE PARTIAL SUMMARY JUDGMENT**

   A. **The Lime Wire Defendants Failed To Seek Discovery On Ownership And Have No Good Faith Basis For Believing That The Copyright Documents Provided By Plaintiffs Are Inaccurate**

The Lime Wire Defendants try to thwart partial summary judgment by claiming a need for discovery. They also tried this tactic in Arista, and there the Court rejected Defendants' argument. Rejection is even more proper here.

In Arista, Defendants complained about two declarations that were submitted as part of the moving papers – from Katheryn Coggon and Thomas Sehested. They had less notice of the

4

issues than in this case, since the declarations were submitted with the moving papers. However, the Court rejected their claim that they would be prejudiced by a lack of discovery, noting that:

> After Plaintiffs submitted the declarations, however, Defendants could have moved to depose the two witnesses, which would have remedied any prejudice Defendants claim to have suffered. Defendants' failure to request depositions undercuts their argument of prejudice. (Arista Decision, p. 17)

The claim of prejudice is less persuasive in this case, since Defendants had all the facts necessary to determine their alleged prejudice when the pre-motion letter was sent on September 10, 2010 – nearly three months before their opposition papers were due. From the moment that Plaintiffs submitted the pre-motion letter, Defendants knew that unless they requested it, the regular course of discovery as to ownership would not begin before the motion was briefed. And yet for the next three months, Defendants sat silently. Where a party fails to *request* discovery, courts have repeatedly rejected the need for such discovery as a defense to summary judgment. See New York State Teamsters Conference Pension and Ret. Fund v. Express Servs., Inc., 426 F.3d 640 (2d Cir. 2005) (holding that "a party's failure to seek discovery under Rule 56(f) [now 56(d)] before responding to a summary judgment motion is 'itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.") (emphasis added); Robertson v. Amtrak/National Railroad Passenger Corp., 400 F. Supp. 2d 612, 621 (S.D.N.Y. 2005); Wright & Miller, Federal Practice and Procedure § 2740 (Rule 56(d), formerly Rule 56(f), "will not be liberally applied to aid parties who have been lazy or dilatory").

Now, Defendants try to justify their failure to seek discovery by erroneously asserting that there was a stay of discovery. There was no stay of discovery ordered in this case. The Mundiya Opposition Declaration is wrong when it states that, "[p]ursuant to the Court's October 7, 2010 Order, all discovery has been stayed until after the briefing on this motion." Mundiya Opp. Decl., ¶3. That order says nothing of the sort, but specifically discusses the submission of "discovery requests" on the question of "ownership." See Buckley Moving Decl. at Ex. C. It is

5

true that the example used by the Court in the Order involves Plaintiffs seeking such discovery, but the door is left wide open as to the submission of discovery requests (and plainly it is Defendants not Plaintiffs who might want discovery as to ownership of Plaintiffs' copyrights).

Indeed, it appears more likely that Defendants did not feel prejudiced, but rather realized that they stood no chance of finding a technicality invalidating Plaintiffs' copyright certificates as to any, let alone all, of the representative works. Instead, they have sought to leverage a nonexistent prejudice to get around partial summary judgment because they cannot identify any genuine issues of fact. Just as the argument did not work in Arista, so should it fail here.

### B. Legal Standards for Partial Summary Judgment and Collateral Estoppel Demonstrate That The Issue Of Ownership Does Not Preclude Partial Summary Judgment As To All Other Issues

The Advisory Committee Notes to an early amendment of Rule 56 explain that there is no requirement to establish every element of a claim to obtain *partial* summary judgment:

> The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. (Fed. R. Civ. P. 56, Advisory Committee Notes to Rule 56(d), 1946 Amendment) (citations omitted)

Likewise, Federal Rule 56(g) explains that:

> If the court does not grant all the relief requested by the [summary judgment] motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

These standards confirm that a determination that the Lime Wire Defendants are liable for inducing the copyright infringement committed over their LimeWire network does not require an adjudication of the question of ownership at this stage. Thus, even if the Court believed that Defendants should have some right to a fishing expedition on ownership of the representative works – despite failing to request it and having asserted no good faith basis for

6

believing Plaintiffs' *prima facie* evidence is false – such a decision need not affect this motion at all. By the legal standards, partial summary judgment is still appropriate as to all of the other elements of liability, none of which are disputed on this motion. Indeed, Plaintiffs believe that it was always envisioned that this case would proceed with the question of ownership of all infringed compositions being reserved for trial. See Tee Vee Toons, Inc. v. MP3.com, 00 CV 3951 (JSR) (March 4, 2001 S.D.N.Y.) (Buckley Reply Decl. at Exhibit D) (resolving motion for partial summary judgment as to copyright infringement, holding, "Assuming the validity of plaintiffs' copyrights, see infra, defendant is collaterally estopped from disputing plaintiffs' contentions that defendant willfully infringed these copyrights… All issues, whether factual or legal, relating to the validity of plaintiffs' copyright certificates are deferred to the time of trial.)

The doctrine of collateral estoppel reinforces this conclusion. Collateral estoppel deals with *issues*, not entire claims *per se*. "In New York, the doctrine of collateral estoppel 'prevents a party from relitigating an issue decided against that party in a prior adjudication.'" Satterfield v. Pfizer, Inc., No. 04-CV-3782 (KMW)(GWG), 2005 WL 1765708 at *11 (S.D.N.Y. July 18, 2005) (emphasis added) (citations omitted). It is rarely, if ever, the case that collateral estoppel applies to every single issue in an action, but rather, it applies just as to those that are shared with the prior action. In Satterfield, the Court applied collateral estoppel solely to determine the issue of whether a party had a property interest arising from a scrip certificate. Similarly, in Stonewell Corp. v. Conestoga Title Ins. Co., No. 04 CV 9867 (KMW), 2009 WL 3075661 at *8 (S.D.N.Y. Sept. 25, 2009), the Court applied collateral estoppel to prevent a party from contesting at trial that it never owned a mortgage and was aware that it never owned the mortgage. Neither of these holdings depended on the proof of other elements of claims.

In the moving brief, Plaintiffs expressly sought partial summary judgment "as to liability for inducement of copyright infringement under Count I of Plaintiffs' First Amended Complaint"

7

and requested that several findings of fact from the Arista Decision related to the Lime Wire Defendants' liability be made binding in this case as a matter of law. See Plaintiffs' moving Memorandum of Law at p. 23. The Lime Wire Defendants do not contest that all four elements for applying collateral estoppel have been met as to each of these proposed facts (none of which deal with ownership): (1) the relevant issues in Arista and this case are identical; (2) the relevant issues were actually litigated and decided in Arista, (3) the Lime Wire Defendants had a "full and fair opportunity" to litigate the issues, and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. See Stonewell, 2009 WL 3075661, at *5.

As Rule 56(g) states, the Court "may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." Applying collateral estoppel; none of these facts establishing liability are genuinely in dispute, hence they should be treated as binding in this case as a matter of law.

## II. COLLATERAL ESTOPPEL IS PROPER IN THIS CASE AND BARS RELITIGATION OF THE QUESTION OF LIABILITY FOR INDUCEMENT OF COPYRIGHT INFRINGEMENT

In Razor & Tie Direct, LLC v. Lime Group LLC, 08 Civ. 8600 (GEL) (S.D.N.Y.), two record labels sought to consolidate and join in the Arista action. See Buckley Reply Decl., Ex. A. In their papers, they noted that the two actions involved "(a) the same common factual background; which would be evidenced by (b) the same fact and expert witnesses; and (c) the same exhibits. Both actions are against (d) the same Defendants who are (e) represented by the same Defendants' counsel. Further, both actions are (f) in the same jurisdiction; and are (g) assigned to the same judge." Id. at Ex. B, p.10 (emphasis in original).

However, their request to consolidate with Arista was denied by the Court and, faced with the enormous litigation costs of a case with millions of documents and dozens of depositions, they wound up dismissing their case without prejudice. Id. At Ex. C.

8

Defendants' claim that Plaintiffs could have "easily" joined in the Arista action is thus demonstrably false. Given the Court's expressed disapproval of joinder with Arista at that time, it made perfect sense for Plaintiffs to wait to bring their action. Furthermore, there is nothing improper about Plaintiffs exercising patience in filing an overlapping case. Plaintiffs have already suffered tremendous damages at the hands of the LimeWire network; the law imposes no obligation that they rush to incur more costs in litigation before the application of the law is clear.

The public policy identified by the Lime Wire Defendants deals with Plaintiffs who seek second bites at the apple. Yet despite thousands of copyright claims litigated over the years, Defendants do not identify a single instance where music publisher plaintiffs waited on a decision in another lawsuit and then took a second bite after the first suit failed. The more reasonable explanation for subsequent actions is that injured parties wait to determine if it is worth the litigation costs – in essence, to try to avoid throwing good money after bad.

It is not just Plaintiffs' resources that are saved by such a conservative strategy – the courts are also saved from presiding over numerous suits if they may all fall short for the same reason. Perhaps this is why the Lime Wire Defendants failed to note a single case where a court in fact applied the dicta of Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979) and penalized a plaintiff for not joining a prior action by declining to apply collateral estoppel and instead hosting a wasteful relitigation of the prior case.

Indeed, what Plaintiffs advocate for here is to redo the enormous motion from Arista, wherein they would ask the Court to change its understanding of the law and overturn its months-old decision in Arista in order to rule against Plaintiffs in this action. It is absurd to raise the argument of judicial economy in defense of such a proposition.

There is likewise no argument of fairness or equity that supports Defendants' position. The Lime Wire Defendants presided over a massive and highly profitable illegal enterprise, and

9

they did so willfully and with full knowledge of the law they were violating. Even after the Grokster decision was handed down in June 2005, the Lime Wire Defendants blatantly continued to market, operate and profit from the LimeWire network for more than five years until the Court's injunction in Arista went into effect. Further delays in justice and compensation are unwarranted. Partial summary judgment should be awarded now, paring down the issues for trial to remove the question of liability which is not genuinely in dispute.

## CONCLUSION

For the reasons set forth above and upon the facts in the accompanying Reply Declaration of Lisa M. Buckley and exhibits and upon Plaintiffs' moving papers and Statement of Material Facts Pursuant To Local Civil Rule 56.1, Plaintiffs respectfully request that the Court grant partial summary judgment against Defendants Lime Wire LLC, Lime Group LLC and Mark Gorton as to liability for inducement of copyright infringement under Count I of Plaintiffs' First Amended Complaint, and make the findings of fact listed on page 23 of Plaintiffs' moving Memorandum of Law binding as a matter of law in this action.

Dated: New York, NY
       December 23, 2010

                                 Respectfully submitted,

                                 PRYOR CASHMAN LLP

                                 By: _____
                                 Donald S. Zakarin (DZ 6355)
                                 Lisa M. Buckley (LB 5541)
                                 Frank P. Scibilia (FS 3984)
                                 Benjamin K. Semel (BS 6296)
                                 7 Times Square
                                 New York, New York 10036
                                 (212) 421-4100
                                 Attorneys for Plaintiffs